UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>LAURA ANN PALPALLATOC,<br><br>                Defendant. | CASE NO. CR18-5094 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND GRANTING THE GOVERNMENT'S MOTION TO SEAL |

This matter comes before the Court on Defendant Laura Ann Palpallatoc's motion for compassionate release. Dkt. 963. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

### I. FACTUAL & PROCEDURAL BACKGROUND

On March 14, 2018, a grand jury returned an indictment charging twenty defendants—including Palpallatoc—with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(a)(1), and 841(b)(1)(C). Dkt. 1. On September 24, 2018, Palpallatoc pled guilty to the charge. Dkts. 465; 466. On February 6, 2019, the Court sentenced Palpallatoc to 50 months incarceration. Dkts. 716, 717.

ORDER - 1

Palpallatoc is currently housed at the Federal Correctional Institution in Phoenix, Arizona ("FCI Phoenix") and is scheduled to be released on September 10, 2022.

On November 23, 2020, Palpallatoc filed a motion for compassionate release. Dkts. 963. On December 7, 2020, the Government responded, Dkt. 967, and filed a motion to seal,[1] Dkt. 968. On December 15, 2020, Palpallatoc replied. Dkt. 971.

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
> ***

---

[1] The Government asserts that the exhibit filed in conjunction with its response contains Palpallatoc's personal information and should remain under seal. Dkt. 968. The Court agrees and therefore **GRANTS** the motion.

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> \*\*\*
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

Recently, Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at \*3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more,

ORDER - 3

medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease*, see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with recent COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not

present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether Palpallatoc has extraordinary and compelling reasons.[2]

Here, Palpallatoc argues that her chronic medical conditions constitute extraordinary and compelling reasons because they place her at a higher risk of severe infection from COVID-19. Palpallatoc has congestive heart disease and is 67 years old. The CDC recognizes that certain heart conditions, including heart failure, increase the risk of severe illness from COVID-19[3] and that the risk for severe illness increases with

---

[2] In the application of USSG § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d. 1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country addressing whether the Commission's list is binding). The Court therefore concludes that, given the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2.

[3] Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Dec. 1, 2020).

age.[4] Having documented medical conditions that the CDC considers a risk for severe infection is a factor in favor of finding extraordinary and compelling reasons to warrant Palpallatoc's compassionate release.

However, Palpallatoc tested positive for COVID-19 in the beginning of July 2020. While she initially reported having shortness of breath and loss of taste and smell, within a week Palpallatoc reported no issues. Three weeks later, on July 22, 2020, Palpallatoc reported that she was no longer having symptoms. Approximately one month later, Palpallatoc reported wheezing and pressure on her chest, and she underwent a chest x-ray. The x-ray results were "normal" and "unremarkable." While there are documented instances of a recovered COVID-19 patient becoming reinfected in the United States, it appears that such reinfections are rare.[5] Therefore, the Court finds Palpallatoc has failed to meet her burden of proof showing that she specifically remains reasonably susceptible to reinfection. The Court understands that the scientific community's understanding of the virus is evolving, and it may be possible that new scientific evidence will emerge as to reinfection. But it is consistent with this Court's precedent to find that absent a specific showing that the defendant themselves remains susceptible to reinfection, a previous

---

[4] Center for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020).

[5] Erika Edwards & Akshay Syal, *COVID-19 reinfection reported in Nevada patient, researchers say*, NBC News (Aug. 28, 2020) https://www.nbcnews.com/health/health-news/covid-19-reinfection-reported-nevada-patient-researchers-say-n1238679; Sandi Doughton, *Seattle-area man is the third person in the U.S. confirmed to have been infected twice with coronavirus*, Seattle Times (Oct. 15, 2020) https://www.seattletimes.com/seattle-news/health/seattle-area-man-is-the-third-person-in-the-u-s-confirmed-to-have-been-infected-twice-with-coronavirus/.

diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons. *See United States v. Christensen*, No. CR18-5411 BHS, 2020 WL 5982104, at *3 (Oct. 8, 2020 W.D. Wash.). Defendant has the burden to establish her entitlement to compassionate release. She has not met that burden.

At this time, because Palpallatoc has already been infected, her chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Palpallatoc's motion for compassionate release, Dkt. 963, is **DENIED without prejudice**.

Dated this 28th day of December, 2020.

BENJAMIN H. SETTLE
United States District Judge